UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-23384

UNITED YACHT TRANSPORT LLC.,
a Delaware Limited Liability Corporation,

    Plaintiff,

vs.

RAVEN OFFSHORE YACHT SHIPPING, LLP,
a Corporation Organized and Existing Under
the Laws of the State of Washington.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, UNITED YACHT TRANSPORT LLC., a Delaware Limited Liability Corporation, sues the Defendant, RAVEN OFFSHORE YACHT SHIPPING, LLP, a Corporation Organized and Existing Under the Laws of the State of Washington, and states:

## JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES

1. This is a cause of action which exceeds the minimum jurisdictional limits of this Honorable Court, to wit $75,000.00.

2. At all times material hereto, Plaintiff, UNITED YACHT TRANSPORT, LLC., (hereinafter referred to as "UYT"), was and is a Delaware Limited Liability Corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dania Beach, Florida.

3. The only LLC members of United Yacht Transport, LLC, Paul Haber and Michael Uhr are, respectively, residents of the State of New York and the State of New Jersey.

4. At all times material hereto, RAVEN OFFSHORE YACHT SHIPPING, LLC (hereinafter referred to as "RAVEN") was, and is, a Limited Liability Partnership, organized and

existing under the laws of the State of Washington with its principal place of business in Seattle, Washington.

5. The only LLP partners of Raven, Richard Gladych and Anthony Utley are, respectively, residents of the State of Washington and Vancouver, Canada.

6. RAVEN routinely and regularly engages in business in the State of Florida and many of the actionable acts herein occurred in Florida, were targeted to a Florida corporate resident and/or affected Florida commerce

7. All conditions precedent to the maintenance of this action have been waived, performed and/or have been excused.

## HISTORY OF THE PARTIES

8. UYT is a Delaware Limited Liability Corporation whose principal business is the worldwide transport of motor yachts and sailboats.

9. UYT, in turn, is an affiliate of a New Jersey based investment company. In July, 2013, that investment company purchased certain assets of Yacht Path International, Inc. from the United States Bankruptcy Court Bankruptcy Trustee in that matter known as: In The Bankruptcy Matter of Unity Shipping Lines, Inc.

10. Yacht Path International, Inc., in turn, was owned and operated by Dennis Cummings and his brother, Kevin Cummings who currently run a company identified as Strategic Maritime Services, Inc.

11. At all times material to the allegations of the Complaint, neither Strategic Maritime Services nor Dennis Cummings, nor Kevin Cummings, have any affiliation whatsoever with UYT and its Principals, Michael Uhr and Paul Haber.

12. Upon information and belief, the Cummings brothers are and/or were partners with the Defendant, and/or its Principals, Rick Gladych and/or Anthony Utley in a business identified as Omni Risk Insurance.

13. Rick Gladych and Anthony Utley, in turn, are the Principals of the Defendant, RAVEN, a company engaged in the same business as the Plaintiff.

14. RAVEN, through its Principals, Gladych and Utley, have embarked on a course of conduct intended to defame the Plaintiff and its Principals and unfairly capture Plaintiff's business through libelous and slanderous actions, intentional interference in Plaintiff's business relationships and/or through deceptive and unfair trade practices.

15. In fact, Rick Gladych and Anthony Utley, have confirmed on multiple occasions to Paul Haber of UYT that they were well aware that the Cummings brothers were not, in any way, affiliated with UYT which has additionally been advised to RAVEN's legal representative.

16. The Cummings brothers' reputation in the yacht transport industry is less than favorable and it is for that reason that UYT has continuously attempted to advise competitors and its target customers that it is in no way affiliated with the Cummings brothers other than tangentially through the purchase of certain business assets in the Yacht Path/Unity Shipping bankruptcy.

17. As evidence thereof, as a result of litigation between UYT and the Cummings brothers, in April of 2014 a court order was issued precluding the Cumming brothers from implying that they are in any way affiliated with UYT.

## **DESIGNATED ACTS OF ACTIONABLE CONDUCT**

18.     As stated in the proceeding paragraphs, Rick Gladych and Anthony Utley have embarked on a course of conduct specifically intended to unfairly and untruthfully diminish and/or tarnish UYT's reputation in the yacht transport industry.

A.      **Anacortes TrawlerFest Boat Show in May, 2013**

19.     In May, 2013, UYT, and specifically Paul Haber, attended the Anacortes TrawlerFest Boat Show in Anacortes, Washington.

20.     Specifically, during the Anacortes TrawlerFest, Anthony Utley made multiple disparaging and untruthful comments about UYT and Paul Haber to attendees of TrawlerFest. The untruthful statements have been witnessed and documented.

21.     Accordingly, Paul Haber confronted Mr. Utley who admitted that the statements he had made were untruthful and who pledged not to make further disparaging comments in the future.

22.     Twelve hours after this admission and assurance that no further untruthful statements would take place, however, Mr. Utley told a former customer of Yacht Path that UYT was owned and operated by the Cummings brothers and that the party to whom these statements were addressed should look to Mr. Haber for collection of monies owed.  These comments were made at a sponsored cocktail event and were specifically calculated by Mr. Utley to create a confrontation at the event which is exactly what transpired.

23.     The individual to whom these statements were made confronted Mr. Haber and attempted to start a fight with him based upon Mr. Utley's statement that Mr. Haber and UYT were essentially a front for the Cummings brothers.

24. Mr. Utley's actions were maliciously accomplish to disparage UYT and to damage UYT's reputation in front of the entire Trawler community.

25. Security was actually required to remove the individual to whom Mr. Utley had made the false and defamatory statements. Moreover, Mr. Utley subsequently admitted to Mr. Haber that he thought it would be fun to see what happened and commented "what can I say? I'm shady."

26. Upon information and belief, Mr. Utley is believed to have paid the individual who was removed from the show to create a scene and to defame UYT in the Trawler community.

27. A Demand was subsequently made upon RAVEN and Mr. Utley to cease and desist from all further defamatory and slanderous actions and conduct which Demands have been flagrantly ignored.

### B. RAVEN's Advertisements

28. Most recently, RAVEN has posted what are believed to be false and misleading statements on its social media and marketing emails which are inferentially targeted to UYT and which, as they relate to UYT, are patently false.

29. Specifically, the RAVEN website includes purported customer statements (from individuals who are not and have never been customers of UYT), one of which states:

> "*Any time you need to tell the story about how I got F\*%$@! By the other shipping company and came over to Raven please use me as a reference!*"

30. Since RAVEN traditionally uses the services of the other large yacht shipper, Sevenstar, the only logical inference that can be made is that this particular statement was targeted to consumers with the specific intention of deceiving them into believing that the negative aspect of the testimonial is directed at UYT

### C. Continuing Untruthful Verbal Statements to Existing and Potential Customers

31. In addition to the foregoing acts, UYT has documented multiple instances where its customers have reported that RAVEN has attempted to gain their business by falsely asserting that UYT and/or Paul Haber are a front for the Cummings brothers, that UYT and Paul Haber are unable to deliver on contractual commitments they make, and that consumers are at risk of losing their money if they book with UYT

32. The statements were clearly made and designed to steal UYT business, procure an unfair advantage and to disseminate false and misleading material and information about UYT to potential yacht owners.

### D. The AAL Kembla Booking

33. In yet another false, misleading and deceptive business practice, RAVEN most recently attempted to book yachts by falsely claiming it had secured deck space aboard the August 23rd sailing of the vessel Kembla from the Port of Vancouver, Canada with a final destination of Port Everglades in Florida. The Kembla, however, at all times material, was under the exclusive charter of UYT and had not been offered to Raven.

34. Notwithstanding, RAVEN solicited at least two yachts by representing that it had secured deck space aboard the Kembla.

35. All of the aforementioned acts, individually and in concert, evidence a RAVEN systematic attempt to defame, slander, disparage and/or unfairly compete with UYT.

### COUNT I - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUPTA)

36. UYT adopts and re-alleges paragraphs 1 through 35 above as though fully set forth herein and further states:

37. This is a cause of action for Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) s. 501.201-.213 *Florida Statutes*.

38. FDUPTA is intended to protect the consuming public and legitimate business enterprises from those who engage in unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

39. An unfair practice under FDUPTA is one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

40. At all times material hereto RAVEN, through its Principals, Gladych and Utley, have attempted to systematically defame, unfairly compete with, and falsely represent to the yacht transporting public that UYT is a front for the Cummings brothers and Yacht Path, a failed yacht transport entity.

41. The Deceptive and Unfair Trade Practices actions are fully detailed in paragraphs 1 through 36 above and individually and in tandem constitute deceptive and/or unfair trade practices. The statements and actions made and perpetrated by RAVEN were made with full, complete and actual knowledge that the representations were false and untrue constituting a deceptive or unfair trade practice.

42. The aforementioned statements and actions have caused economic harm to the Plaintiff by damaging Plaintiff's business reputation and by precluding multiple opportunities to fairly and ethically compete.

43. Each of the foregoing acts alleged in this Count was committed in an outrageous manner, and was intentionally committed with wantonness, malice, willfulness, and oppression.

WHEREFORE, UYT demands judgment against RAVEN for actual and punitive damages resulting from RAVEN's violation of the Florida Deceptive and Unfair Trade Practices

Act together with prejudgment interest, attorney's fees, court costs and any and all further relief as this Court seems just and proper.

## COUNT II – INTENTIONAL INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS

44. UYT adopts and re-alleges paragraphs 1 through 35 above as though fully set forth herein and further states:

45. This is a cause of action for tortious/intentional interference with existing business/contractual relationships.

46. As set forth in paragraphs 31 through 33 above, UYT was the exclusive charterer of the Kembla for a recent transit from Vancouver, Canada to Port Everglades, Florida.

47. Notwithstanding UYT's exclusive contract, RAVEN advised potential customers that it could provide deck space aboard the Kembla voyage.

48. At the time of RAVEN's interference with Plaintiff's contract for the Kembla, RAVEN and its Principals were well aware that all of the available deck space of the Kembla had been exclusively chartered to the Plaintiff.

49. Notwithstanding, RAVEN attempted to steal Plaintiff's bookings by offering passage on a vessel which it knew to be under exclusive contract to the Plaintiff.

50. RAVEN additionally offered unfair and unavailable pricing to a Kemba/UYT booking which forced UYT to match a price and transit RAVEN could never have offered since the Kembla was under exclusive charter to UYT.

51. As a direct and proximate result of RAVEN's actions, Plaintiff has been damaged.

52. RAVEN also attempted to steal Plaintiff's bookings by actively soliciting bookings from clients, even after RAVEN knew that the clients had already signed transport contracts with the Plaintiff, by trying to convince the clients to break their contracts.

WHEREFORE, UYT demands judgment against RAVEN for compensatory damages together with interest, costs and any and all further relief as this Court deems just and proper.

### COUNT III – SLANDER PER SAY

53. UYT adopts and re-alleges paragraphs 1 through 35 above as though fully set forth herein and further states:

54. This is a cause of action for Slander Per Say.

55. As detailed in the Facts Common to All Counts, which are re-adopted and re-alleged herein, on multiple occasions, RAVEN, through its Principals, Gladych and Utley, have made defamatory statements which suggest that Plaintiff is affiliated with the Cummings brothers and Yacht Path.

56. At the time that Gladych and Utley have made these statements, they knew that their statements were untruthful, false, misleading and dishonest.

57. Gladych's and Utley's verbal statements about UYT, Michael Uhr and Paul Haber were defamatory on their face in that they were false statements published by the Defendant about the Plaintiff to third parties which resulted in damage to the Plaintiff.

WHEREFORE, UYT demands judgment against RAVEN for compensatory damages together with interest, costs and any and all further relief as this Court deems just and proper.

### COUNT IV – SLANDER PER QUOD

58. UYT adopts and re-alleges paragraphs 1 through 35 above as though fully set forth herein and further states:

59. This is a cause of action for Slander Per Say.

60. As detailed in the Facts Common to All Counts, which are re-adopted and re-alleged herein, on multiple occasions, RAVEN, through its Principals, Gladych and Utley, have

made defamatory statements which suggest that Plaintiff is affiliated with the Cummings brothers and Yacht Path.

61. At the time that Gladych and Utley have made these statements, they knew that their statements were untruthful, false, misleading and dishonest.

62. Gladych's and Utley's verbal statements about UYT and Paul Haber were defamatory on their face in that they were false statements published by the Defendant about the Plaintiff to third parties which resulted in damage to the Plaintiff.

63. Defendant's statements about the Plaintiff constitute Slander Per Quod because while simply uttering that the Plaintiff is affiliated with the Cummings brothers and Yacht Patch International may not be facially slanderous to the Plaintiff , these statements, in the yacht transport industry, have a defamatory meaning due to the extremely negative reputation of the Cummings brothers and Yacht Patch International which left multiple creditors in its bankruptcy wake.

WHEREFORE, UYT demands judgment against RAVEN for compensatory damages together with interest, costs and any and all further relief as this Court deems just and proper.

## COUNT V – LIBEL PER QUOD

64. UYT adopts and re-alleges paragraphs 1 through 35 above as though fully set forth herein and further states:

65. This is a cause of action for Libel Per Quod.

66. As noted in the Facts Common to All Counts and specifically in paragraphs 28 through 30, the Defendant, through its Principals, Gladych and Utley have embarked on a course of conduct including specific writings specifically designed to damage the business reputation of the Plaintiff.

67. The libelous writings which appear on Defendant's social media and marketing emails were intended to harm Plaintiff's reputation in the community and deter others from associating with the Plaintiff.

68. The false defamatory statements made by the Defendant, in writing (and verbally) were made to suggest that the Plaintiff has committed a dishonest or illegal act.

69. The statements published by the Defendant about the Plaintiff were made to third parties with the specific intent of stripping and/or precluding business relationships from being formed.

70. As a direct and proximate result of Defendant's actions, the Plaintiff has been damaged.

WHEREFORE, UYT demands judgment against RAVEN for compensatory damages together with interest, costs and any and all further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

UNITED YACHT TRANSPORT LLC. demands trial by jury on all issues so triable.

DATED THIS  12th day of  September, 2014.

> GRAY-ROBINSON, P.A.
> 1221 Brickell Ave., Suite 1600
> Miami, FL  33131
> Telephone: (305) 416-6880
> Facsimile: (305) 416-6887
> E-mail: neil.bayer@gray-robinson.com
>
> BY: __/s/ Neil Bayer_____
>         Neil Bayer, Esq.
>         FBN: 615684

# 3169164 v1